1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations

2

HAYLEY S. GRUNVALD, Cal. Bar No. 227909

3

hgrunvald@sheppardmullin.com
12275 El Camino Real, Suite 200

4

San Diego, CA  92130-4092
Telephone:  (858) 720-8900

5

Facsimile:   (859) 509-3691

6

Attorneys for Defendant,
Akuranvyka USA Inc.

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

**Brian Whitaker**, an individual,

12

Plaintiff,

13

vs.

14

**Akuranvyka USA Inc**,

15

a California Corporation

16

Defendant.

17

18

19

Case No. 3:21-cv-09994-TSH

**DEFENDANT AKURANVYKA USA INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR LACK OF STANDING AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Filed: **December 27, 2021**
Hearing Date: **May 23, 2022**
Hearing Time: 8:00 a.m.
Trial Date:  None Set

20

21

22

23

24

25

26

27

28

**3:21-cv-09994-TSH**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 23, 2022, at 8:00 a.m., or as soon thereafter as the motion may be heard at the San Francisco Courthouse located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Akuranvyka USA Inc. will, and hereby does, move the Court for an order dismissing this lawsuit with prejudice for lack of standing pursuant to Rule 12 of the Federal Rules of Civil Procedure and dismissing Plaintiff's state law claims for lack of jurisdiction.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367, and is based upon the grounds that (1) this Court lacks subject matter jurisdiction over Plaintiff's claim against Defendant under Title III of the Americans with Disabilities Act; and (2) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendant further moves the Court to order an evidentiary hearing for the purpose of testing the credibility of Plaintiff's deficient, conclusory standing allegations, and following the evidentiary hearing, to issue an order dismissing this lawsuit for lack of standing pursuant to Rule 12 of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Defendant's Request for Judicial Notice and attached exhibits, and all pleadings and papers in the Court's file, and upon such oral argument as may be made at the hearing on the Motion.

Dated:  April 18, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Hayley Grunvald*
                  HAYLEY S. GRUNVALD

Attorneys for Defendant,
AKURANVYKA USA INC.

**3:21-cv-09994-TSH**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION.................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)] ........................4

III.    SUMMARY OF RELEVANT FACTS................................................................4

        A.      Plaintiff's Complaint. .............................................................................4

        B.      Judicially Noticeable Facts.....................................................................5

IV.     STANDARD OF REVIEW ..................................................................................6

V.      ARGUMENTS AND AUTHORITIES ................................................................7

        A.      Plaintiff Lacks Standing To Sue in Federal Court for Injunctive Relief...................7

                1.      Legal Standing Under The ADA.................................................7

                2.      Plaintiff Has No Intent to Return to Defendant's Restaurant.......................11

                        a.      Plaintiff Has Admitted That He Has No Plans to Return to the Restaurant to Support Article III Standing..................................13

                        b.      Proximity of Defendant's Restaurant in San Mateo to Plaintiff's Home in Los Angeles Does Not Support Plaintiff's Allegation That He Intends to Return to the Restaurant. ..........................16

                        c.      Plaintiff Fails to Plead Past Patronage to Show That He Intends to Return to the Restaurant. ..................................17

                        d.      Plaintiff Has Failed to Adequately Allege His Frequency of Travel to the San Mateo Area. ....................17

                3.      Plaintiff Has Not Explained How He Is Deterred. ....................18

        B.      The Court Should Decline To Exercise Supplemental Jurisdiction. ........................20

        C.      The Court Should Conduct An Evidentiary Hearing. ..............................21

VI.     CONCLUSION ...................................................................................22

SMRH:4867-7531-6508.1       DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
                            AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

## TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Akahoshi v. Optima Tax Relief, LLC*
   No. SACV 18-464-JVS (KESx), 2019 U.S. Dist. LEXIS 40664; 2019 WL 994022, at
   *3 (C.D. Cal. Jan. 14, 2019) ........................................................................................ 2, 18, 20

*Chapman v. Pier 1 Imports (U.S.) Inc.*
   631 F.3d 939 (9th Cir. 2011) ........................................................................................ 2, 6, 7, 8

*City of Los Angeles v. Lyons*
   461 U.S. 95 (1983) ......................................................................................................... 8

*Civil Rights Education and Enforcement Center ("CREEC") v. Hospitality Properties Trust*
   867 F.3d 1093 (9th Cir. 2017) ........................................................................... 8, 9, 10, 11

*Delil v. El Torito Rest.*
   No. C93-3900, 1997 LEXIS 22788, 1997 WL 714866, at *3 (N.D. Cal. 1997) .................... 17

*Doran v. 7-Eleven, Inc.*
   524 F.3d 1034 (9th Cir. 2008) ........................................................................................ 19

*Fortyune v. Am. Multi-Cinema, Inc.*
   364 F.3d 1075 (9th Cir. 2004) ........................................................................................ 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*
   528 U.S. 167 (2000) ...................................................................................................... 2

*Gastelum v. Hees II*
   2021 U.S. Dist. LEXIS 208436 (S.D. Cal. October 28, 2021) ............................................. 10

*Harris v. Del Taco, Inc.*
   396 F.Supp.2d 1107 (C.D. Cal. 2005) .................................................................. 9, 11, 12, 19

*Harris v. Stonecrest Care Auto Ctr., LLC*
   472 F. Supp. 2d 1208 (S.D. Cal. 2007) ............................................................................ 17

*Harty v. Simon Property Group*
   428 F. App'x 69 (2nd Cir. 2011) ..................................................................................... 21

*Houston v. Marod Supermarkets, Inc.*
   733 F.3d 1323 (11th Cir. 2013) ............................................................................ 8, 9, 10, 11, 12

*Johnson v. Alhambra & O Assocs*.
   2019 U.S. Dist. LEXIS 105388 (E.D. Cal. June 24, 2019) ................................................. 10

**3:21-cv-09994-TSH**

DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
                                        AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

*Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*
    No. 21-CV-02859-BLF, 2021 U.S. Dist. LEXIS 166204, WL 3913519, at *4 (N.D.
    Cal. Sept. 1, 2021) ........................................................................................................ 12, 19

*Johnson v. JKLM Prop., L.L.C.*
    Case No. 5:20-cv-01078-EJD, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234
    (N.D. Cal. Sept. 14, 2020) ............................................................ 2, 8, 11, 18, 19, 20

*Kirola v. City & Cty. of San Francisco*
    860 F.3d 1164 (9th Cir. 2017) ................................................................................... 7

*Langer v. YM Holdings, LLC*
    2020 U.S. Dist. LEXIS 114073 (S.D. Cal. June 29, 2020) ....................................... 10

*Laufer v. Laxmi & Sons, LLC*
    No. 19-CV-1501, 2021 U.S. Dist. LEXIS 117554, 2021 WL 19702644 (N.D.N.Y. Apr.
    1, 2021) ...................................................................................................................... 21

*Lindsay v. Mulne*
    2019 U.S. Dist. LEXIS 239354 (C.D. Cal. Nov. 21, 2019) ...................................... 10

*Love v. Marriott Hotel Servs., Inc.*
    No. 20-CV-07137-TSH, 2021 U.S. Dist. LEXIS 41081, 2021 WL 810252 (N.D. Cal.
    Mar. 3, 2021) ............................................................................................................... 7

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................................................. 7, 8

*Luu v. Ramparts, Inc.*
    926 F. Supp. 2d 1178 (D. Nev. 2013) ...................................................................... 19

*Molski v. Kahn Winery*
    405 F. Supp. 2d 1160 (C.D. Cal. 2005) ....................................................... 2, 13, 17, 21

*In re Optical Disk Drive Antitrust Litig.*
    No. 3:10-MD-2143 RS, 2014 U.S. Dist. LEXIS 99965, 2014 WL 3378336 (N.D. Cal.
    July 10, 2014) .............................................................................................................. 6

*People of the State of California v. Potter Handy, LLP, et al.*
    Case No. CGC22599079 ............................................................................................. 1

*Pickern v. Holiday Quality Foods Inc.*
    293 F.3d 1133 (9th Cir. 2002) .................................................................................. 19

*Schmier v. U.S. Ct. App. for the Ninth Circuit*
    279 F.3d 817 (9th Cir. 2001) ...................................................................................... 7

*Scott Johnson v. Starbucks Corporation*
    No. C 17-02454 (N.D. Cal. Aug. 16, 2018) .............................................................. 3

SMRH:4867-7531-6508.1
DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

*Scott v. Pasadena Unified Sch. Dist.*
   306 F.3d 646 (9th Cir. 2002)...................................................................................... 20

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*
   873 F.2d 1221 (9th Cir. 1989)....................................................................................... 6

*Strojnik v. Hotel Circle Gl Holdings, LLC*
   No. 1:19-CV-01194-DAD-EPG, 2020 U.S. Dist. LEXIS 133778, 2020 WL 4339984
   (E.D. Cal. July 28, 2020)................................................................................ 11, 16, 17

*Strojnik v. Pasadena Robles Acquisition, LLC*
   801 F. App'x 569 (9th Cir. 2020).............................................................................. 2, 12

*Strojnik v. Portola Hotel, LLC*
   No. 19-CV-07579-VKD, 2021 U.S. Dist. LEXIS 50312, 2021 WL 1022880 (N.D. Cal.
   Mar. 17, 2021) ........................................................................................................ 6, 7, 21

*The Cetacean Community v. Bush et al.*
   386 F.3d 1169 (9th Cir. 2004)....................................................................................... 7

*Vogel v. Salazar*
   No. SACV 14-00853-CJC, 2014 U.S. Dist. LEXIS 151379, 2014 WL 5427531 (C.D.
   Cal. Oct. 24, 2014) .................................................................................................... 2, 18

*Whitaker v. BPP East Union LLC*
   Case No. 2:20-cv-06818-MWF-E (C.D. Cal. Dec. 11, 2020)................................. 14, 22

*Whitaker v. Curry Village Foods, Inc.*
   No. 21-CV-03713-JCS (N.D. Cal. Aug. 9, 2021) .................................................. 21, 22

*Whitaker v. Dollar Hits Temple Inc.*
   2021 U.S. Dist. Lexis 66854 (C.D. Cal. April 6, 2021) ........................................... 14

*Whitaker v. The Goltz Corp.*
   2:21-cv-00527-JAM-CKD .............................................................................................. 5

*Whitaker v. Kajima Development Corp.*
   20STLC02281 (Los Angeles Superior Court, October 8, 2021)............................... 22

*Whitaker v. Mademoiselle Collette, Inc.*
   Case No. 5:21-cv-03326-LHK (N.D. Cal.) ................................................................. 5

*Whitaker v. Marso LLC*
   Case No. 4:21-cv-03711-PJH (N.D. Cal) ................................................................. 5

*Whitaker v. Pachanga*
   20STLC03367 (L.A. Super. Ct. April 15, 2020)....................................................... 14

*Whitaker v. Pachanga Mexican Grill*
   Case No. 20STLC03367, Ruling on Submitted Matter, December 6, 2021 .............. 14, 15, 18

-iv-                                          **3:21-cv-09994-TSH**

*Whitaker v. Peet's Coffee*, Inc.
    2022 U.S. Dist. LEXIS 60568, 2022 WL 976978 (Mar. 31, 2022 N.D. Cal.) ........................ 2

*Whitaker v. Peet's Coffee, Inc.*
    Case No. 3:21-cv-07055-WHA, Docket No. 19 (Jan. 25, 2022 N.D. Cal.) ............................ 3

*Whitaker v. Peet's Coffee, Inc.*
    Case No. 3:21-cv-07698-VC, Docket No. 23 (Feb. 9, 2022 N.D. Cal.) ................................. 3

*Whitaker v. Peet's Coffee, Inc.*
    Case No. 4:21-CV-07055-WHA (N.D. Cal.) ................................................................. 5

*Whitaker v. PQ Americana, Inc.*
    2020 U.S. Dist. LEXIS 71958 (C.D. Cal. Mar. 20, 2020) ......................................... 14, 18, 22

*Whitaker v. Prime Oil Mgmt.*
    2021 U.S. Dist. LEXIS 192385 (C.D. Cal. April 8, 2021) ............................................... 10

*Whitaker v. Slainte Bars, LLC*
    Case No. 21-cv-03750-JSC (N.D. Cal. Aug. 9, 2021) .................................................. 3, 15, 22

*Whitaker v. Yard House*
    No. SACV 19-2290-JVS, 2020 U.S. Dist. LEXIS 120992, 2020 WL 3805807 (C.D.
    Cal. Mar. 23, 2020) ...................................................................................... 2, 12, 19, 20

*Wilson v. Costco Wholesale Corp.*
    426 F. Supp. 2d 1115 (S.D. Cal. 2006) ................................................................. 13

<u>Statutes</u>

28 U.S.C. § 1367 ............................................................................................. 20

28 U.S.C. § 1367(a) .......................................................................................... 20

ADA ........................................................................ 1, 4, 5, 7, 8, 10, 12, 13, 14, 19, 20

ADA Title III ........................................................ 2, 3, 6, 8, 11, 15, 19, 20, 21, 23

Unruh Act ................................................................................................... 16

Unruh Civil Rights Act (California Civil Code §§ 51 *et seq.*) ....................................... 3

<u>Other Authorities</u>

L.R. 7-4(A)(3) .................................................................................................. 4

Rule 12(b)(1) .......................................................................................... 2, 6, 22

United States Constitution Article III.................................... 2, 4, 5, 7, 8, 9, 10, 13, 18, 20, 21, 23

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3      To date, Plaintiff Whitaker, a resident of Los Angeles has filed over 1,780 Americans with

4 Disabilities Act ("ADA") cases in the federal district courts of California, including 1,126 lawsuits

5 in the Central District of California.  However, beginning on or about September 10, 2019,

6 Plaintiff began filing cases primarily in the Northern District of California and abruptly, in May of

7 2021, Plaintiff stopped filing cases in the Central District and focused his lawsuits in the Northern

8 District, despite the fact that he lives over 350 miles away.  To date, Plaintiff has filed 591 cases in

9 the Northern District.  This change in venue is the direct result of the Central District's repeated

10 determination, beginning in 2020, in both trials and in adjudicating dispositive motions, that

11 Plaintiff lacked both veracity and credibility regarding his intent to revisit to the businesses he had

12 sued in the Central District.

13      Just as the Central District has already found that it is impossible for Plaintiff to have a

14 credible intent to return to the businesses that he has sued in Southern California where he lives,

15 Plaintiff's purported intent to revisit each of the 591 Bay Area establishments that he has sued to

16 date, is also entirely impossible.  This is because Plaintiff lives approximately 350 miles away and

17 has given inconsistent testimony about why he comes to the Bay Area. More importantly, Plaintiff

18 has already admitted in sworn testimony that has never had a plan to return to any of the

19 businesses that he has sued, and still does not.

20      In fact, Plaintiff's standing to bring ADA claims has already been determined to be not

21 credible in various courts in the Central District, Northern District and Superior Court of

22 California.  Additionally, on April 11, 2022, the San Francisco and Los Angeles District Attorneys

23 filed a complaint regarding Plaintiff's counsel's knowledge of their various clients' (including

24 Whitaker's) lack of standing to pursue ADA lawsuits throughout California.  *See* Request for

25 Judicial Notice ("RJN"), Exh. A, Complaint in *People of the State of California v. Potter Handy,*

26 *LLP, et al.*, Case No. CGC22599079 filed California Superior Court, County of San Francisco.

27      In this case, Whitaker alleges he encountered one alleged violation of the ADA concerning

28 outdoor seating at Defendant's restaurant located in San Mateo, California ("the Restaurant").

-1-

However, Plaintiff lacks standing to pursue this action because (1) Article III standing requires more than what Plaintiff has thus far alleged, (2) Plaintiff has by now sued so many California businesses generally, and Northern California businesses specifically, that, as a matter of basic math, he cannot meet the basic standing requirement of returning to every one of them; and (3) Plaintiff has already testified that he has no plans to return to any of the businesses that he has sued, which would include the instant case.

The standing requirements to pursue an ADA Title III claim are well-established by the Ninth Circuit. To establish standing, Plaintiff must have experienced an injury in fact that must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  In an ADA Title III case like this, a plaintiff may establish injury in fact as a basis for injunctive relief if he can present evidence of a concrete (*not hypothetical*) intent to return to the business he sued. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). In this case, Plaintiff fails to meet his burden. He did not sufficiently plead an intent to return to the Restaurant. He states only conclusory allegations of someday returning to the Restaurant, located more than 350 miles from his Los Angeles, California residence, using copy and paste allegations identical to others he has made in hundreds of other lawsuits. That is insufficient, which is why so many other courts have dismissed claims for lack of standing on motions similar to this one. *See, e.g.*, *Whitaker v. Peet's Coffee*, Inc., 2022 U.S. Dist. LEXIS 60568, 2022 WL 976978 (Mar. 31, 2022 N.D. Cal.); *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020); *Johnson v. JKLM Prop., L.L.C.*, Case No. 5:20-cv-01078-EJD, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234 (N.D. Cal. Sept. 14, 2020); *Whitaker v. Yard House*, No. SACV 19-2290-JVS (JDEx), 2020 U.S. Dist. LEXIS 120992, 2020 WL 3805807, at *2–3 (C.D. Cal. Mar. 23, 2020); *Akahoshi v. Optima Tax Relief, LLC*, No. SACV 18-464-JVS (KESx), 2019 U.S. Dist. LEXIS 40664; 2019 WL 994022, at *3 (C.D. Cal. Jan. 14, 2019); *Vogel v. Salazar*, No. SACV 14-00853-CJC,  2014 U.S. Dist. LEXIS 151379, 2014 WL 5427531, at *2-3 (C.D. Cal. Oct. 24, 2014); *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005). The present case is no different. Plaintiff's ADA Title III claim should be dismissed under Rule 12(b)(1).

1      Moreover, because Plaintiff lacks standing to maintain his ADA Title III claim, the Court

2 should also decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim

3 under the Unruh Civil Rights Act (California Civil Code §§ 51 *et seq.*).

4      Further, Defendant requests that the Court conduct an evidentiary hearing (following a

5 limited deposition of Plaintiff) for the purpose of testing the credibility of the deficient, conclusory

6 standing allegations Plaintiff asserts, as recently ordered by District Judge Jacqueline S. Corley to

7 assess this same Plaintiff's credibility with respect to standing to sue businesses in the Northern

8 District of California. *See Whitaker v. Slainte Bars, LLC*, Case No. 21-cv-03750-JSC (N.D. Cal.

9 Aug. 9, 2021) (Docket No. 43) (holding an evidentiary hearing to test Plaintiff's credibility with

10 respect to his stated intent to return to a restaurant in Redwood City after filing suit); *see also Scott*

11 *Johnson v. Starbucks Corporation*, No. C 17-02454 (N.D. Cal. Aug. 16, 2018) (ordering an

12 evidentiary hearing in a case filed by another serial Title III litigant represented by Plaintiff's

13 counsel here); *Whitaker v. Peet's Coffee, Inc.*, Case No. 3:21-cv-07055-WHA, Docket No. 19

14 (Jan. 25, 2022 N.D. Cal.) (allowing limited deposition of Whitaker to assess standing in support of

15 motion to dismiss); *Whitaker v. Peet's Coffee, Inc.*, Case No. 3:21-cv-07698-VC, Docket No. 23

16 (Feb. 9, 2022 N.D. Cal.) (same).

17      As set forth more fully below, there is good cause to order an evidentiary hearing. Plaintiff

18 has for years alleged he would return to patronize businesses in Northern California located more

19 than 350 miles from his Los Angeles residence for the stated reason that he was "considering

20 moving" to Northern California and was looking for "possible places to places to move." Yet

21 Plaintiff still lives in Los Angeles, and when he recently moved, it was to a "penthouse" address in

22 Brentwood, not Northern California. And most recently, Plaintiff has testified under oath that

23 when his lease in Brentwood expires, he has plans to move to Sacramento, not the Bay Area.

24 Undeterred, he nonetheless claims to have standing to not only sue Defendant's Restaurant based

25 on an alleged visit to its San Mateo location in November of 2021. Under the unique

26 circumstances presented here, an evidentiary hearing plainly is warranted to determine whether

27 Plaintiff visited Defendant's Restaurant, whether Plaintiff sought to avail himself of its goods and

28 services, and whether Plaintiff can present evidence of a concrete (*not hypothetical*) intent to

-3-          **3:21-cv-09994-TSH**

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

return to the Restaurant. Not only did Judge Corley recently order Plaintiff to attend an evidentiary hearing under virtually identical circumstances, multiple other California courts (as discussed herein) – including courts located in the Los Angeles area where Plaintiff resides – have saw fit to test Plaintiff's standing allegations through evidentiary hearings, found them lacking in credibility, and ruled against Plaintiff, specifically finding that his stated intentions to return lacked credibility.  An evidentiary hearing would allow the Court a full and fair opportunity to assess the credibility of Plaintiff's stated intention to return to the Defendant's Restaurant he has now sued, and provide the Court with a proper record to assess whether Plaintiff has standing to file this lawsuit.

## II.   STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)]

The following issues are raised by this motion:

(1) Whether Plaintiff lacks standing under Article III because he cannot establish a sufficient likelihood of repeated harm?

(2) Whether the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims?

(3) Whether the Court should order an evidentiary hearing to allow Defendant to test Plaintiff's credibility regarding his purported intent to return to Defendant's Restaurant?

## III.   SUMMARY OF RELEVANT FACTS

### A.   Plaintiff's Complaint.

Plaintiff is a California resident. Docket No. 1, Complaint, ¶ 1. He alleges he suffers from a C-4 spinal cord injury that renders him a quadriplegic and uses a wheelchair for mobility. *Id.* Plaintiff claims that, on some unspecified date in November 2021, he visited the Defendant's Restaurant in San Mateo, California.  *Id.*, ¶ 2. Plaintiff alleges that on that date, the Restaurant "failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id.* ¶ 10. Plaintiff contends he "will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible." *Id.* ¶ 20. In conclusory fashion, Plaintiff alleges he is "currently deterred from doing

-4-                                    **3:21-cv-09994-TSH**

DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

1  so because of his knowledge of the existing barriers and his uncertainty about the existence of yet

2  other barriers on the site." *Id.*

3      **B.      Judicially Noticeable Facts.**

4          Plaintiff lives in the Westwood/Brentwood area of Los Angeles, which is more 350 miles

5  from Defendant's Restaurant in San Mateo, California.  *See* RJN, Exh. B, Deposition Transcript

6  taken on February 7, 2022 in *Whitaker v. Peet's Coffee, Inc.,* Case No. 4:21-CV-07055-WHA

7  (N.D. Cal.) at Docket No. 25-1 ("Peet's Depo.") at p.8 of Exhibit, Depo. p. 11:11-11:21.  Plaintiff

8  has stated in various declarations filed in oppositions to motions to dismiss filed in the Northern

9  District as early as July 2021 that he intends to move to the Bay Area in an effort to establish

10  standing under Article III.  *See e.g.*, RJN, Exhs. C, July 29, 2021 Declaration in *Whitaker v.*

11  *Mademoiselle Collette, Inc.*, Case No. 5:21-cv-03326-LHK (N.D. Cal.) at Docket No. 15-1; Exh.

12  D, July 30, 2021 Declaration in *Whitaker v. Marso LLC*, Case No. 4:21-cv-03711-PJH (N.D. Cal)

13  at Docket No. 15-1.  However, Plaintiff admits that in October 2021, he entered into a new lease in

14  the Brentwood neighborhood of Los Angeles that expires in October of 2022.  *See* RJN, Exhibit B,

15  Peet's Depo at pp. 8-10 of Exhibit, Depo. p. 11:25-13:9. And Plaintiff has recently testified that he

16  intends to move to Sacramento, and not the Bay Area, when his current lease expires in October of

17  2022.  *See id.,* at pp. 44-45 of Exhibit, Depo. p. 60:21-61:24.

18          In his Complaint, Plaintiff does not allege any specific plans to return to Defendant's

19  Restaurant in the future. Plaintiff does not allege that he had visited Defendant's Restaurant prior

20  to his purported November 2021 visit, or that he has tried to return to the Restaurant since then. In

21  fact, on November 11, 2021, in deposition testimony given in another matter, *Whitaker v. The*

22  *Goltz Corp*., 2:21-cv-00527-JAM-CKD **(**"Goltz Tr."), when asked about his plans to revisit all of

23  the businesses that he has sued, Plaintiff admits that he does not "have a plan yet."  *See id.* at p. 50

24  of Exhibit, Depo. Tr. p. 49:20.  In that deposition, Plaintiff further testifies:

25          A. […] So first of all, the thing that I'll have to do is get a list of the
            businesses that settled and get a name other than the LLC name in order to
26          come up with a plan. So I definitely want to come up with a solid plan so
            that I can visit each and every one of these places and make sure that things
27          have been remediated and are up to par.

28          Q. And have you ever asked for a list of all the businesses that you've sued?

1       A. No, sir.

2  RJN, Exh. E, Goltz Tr., at pp. 50-51 of Exhibit, Depo Tr. p. 49:5-15

3       Further, on February 7, 2022, at an evidentiary hearing in another matter regarding his plan

4  to revisit the businesses that he has sued, Plaintiff stated, that he still had no plans as of that date

5  and was waiting for his attorneys to provide him a list of restaurants that he had sued because he

6  did not even know the names of the businesses that he had sued.  *See* RJN, Ex. K, p. 59-61 of

7  Exhibit, Tr. p. 58:2-60:15; p.74 of Exhibit, Tr. p. 73:5-25.

8       This lawsuit is one of more than 591 lawsuits Plaintiff has filed in the Northern District of

9  California alleging Title III claims against public accommodations in and around the Bay Area,

10  and one of approximately 1,780 lawsuits Plaintiff has filed in federal court throughout the State of

11  California in the past several years.  *See* RJN, Exh. F, Case listings from the Northern District of

12  California; Exh. G, Case listings from the Central District of California; Exh. H, Case listings

13  from the Eastern District of California.

14  **IV.**  **STANDARD OF REVIEW**

15       Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate if the

16  complaint "fails to allege facts sufficient to establish subject matter jurisdiction." *In re Optical*

17  *Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2014 U.S. Dist. LEXIS 99965, 2014 WL

18  3378336, at *1 (N.D. Cal. July 10, 2014); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

19  F.3d 939, 955 (9th Cir. 2011). The burden is on Plaintiff to prove that his case may properly be

20  maintained in federal court because it is Plaintiff who is invoking the Court's federal jurisdiction,

21  which is limited and is presumed to be lacking "unless the contrary affirmatively appears." *Stock*

22  *West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.

23  1989).

24       In seeking dismissal under Rule 12(b)(1), a defendant may either make a "facial attack,"

25  which challenges jurisdiction based on the allegations in the complaint, or a "factual attack" that

26  relies on extrinsic evidence to challenge jurisdiction grounds. *Strojnik v. Portola Hotel, LLC*, No.

27  19-CV-07579-VKD, 2021 U.S. Dist. LEXIS 50312, 2021 WL 1022880, at *2 (N.D. Cal. Mar. 17,

28  2021). "Where the attack is facial, the Court determines whether the allegations contained in the

1  complaint are sufficient on their face to invoke federal jurisdiction, accepting all material

2  allegations in the complaint as true and construing them in favor of the party asserting

3  jurisdiction." *Id.* "In resolving a factual dispute as to the existence of subject matter jurisdiction, a

4  court may review extrinsic evidence beyond the complaint without converting a motion to dismiss

5  into one for summary judgment." *Id.* Thus, the Court may consider the evidence submitted with

6  Defendant's Request for Judicial Notice. *See Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-

7  07137-TSH, 2021 U.S. Dist. LEXIS 41081, 2021 WL 810252, at *3 (N.D. Cal. Mar. 3, 2021)

8  ("Proper subjects of judicial notice when ruling on a motion to dismiss include court documents

9  already in the public record and documents filed in other courts.").

10  **V.**   **ARGUMENTS AND AUTHORITIES**

11       **A.**   **Plaintiff Lacks Standing To Sue in Federal Court for Injunctive Relief.**

12       A plaintiff suing in federal court has the burden of establishing standing. *See Lujan v.*

13  *Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Schmier v. U.S. Ct. App. for the Ninth Circuit*,

14  279 F.3d 817, 821 (9th Cir. 2001). The existence of standing "is an essential and unchanging part

15  of the case-or-controversy requirement of Article III" of the Constitution, from which federal

16  courts derive their subject matter jurisdiction. *Lujan*, 504 U.S. at 560. To possess standing

17  pursuant to Article III of the Constitution, "a plaintiff 'must show that (1) [he] has suffered an

18  'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

19  hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is

20  likely, as opposed to merely speculative, that the injury will be redressed by a favorable

21  decision.'" *The Cetacean Community v. Bush et al.*, 386 F.3d 1169, 1174 (9th Cir. 2004), quoting

22  *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

23           **1.**   **Legal Standing Under The ADA**

24       As to Article III's requirement that there be injury in fact, in the ADA context, a plaintiff

25  must establish through evidence that he encountered an accessibility barrier and either intends to

26  return or is deterred from returning to the facility. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

27  F.3d 939, 950 (9th Cir. 2011) (en banc) and *Kirola v. City & Cty. of San Francisco*, 860 F.3d

28  1164, 1174 (9th Cir. 2017). In other words, a plaintiff must "demonstrate a sufficient likelihood

that she will again be wronged in a similar way . . . [t]hat is, she must establish a real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

Further, because injunctive relief is the only remedy under Title III of the ADA, Plaintiff must show he or she faces a "real and immediate threat of repeated injury" to establish an injury in fact for purposes of standing. *Chapman*, 631 F.3d at 946 (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit has held there are two ways an ADA plaintiff may establish standing to sue for injunctive relief: by either demonstrating "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Therefore, when seeking prospective injunctive relief, a plaintiff must show a likelihood of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Johnson v. JKLM Prop., L.L.C.*, 2020 U.S. Dist. LEXIS 167794, at *4 (N.D. Cal. Sept. 14, 2020) (plaintiff must allege facts that give rise to inference he will suffer future discrimination to establish standing under Title III). Merely professing an intent to return "some day" is not enough. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require [for Article III standing]."). "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine." *Chapman,* 631 F.3d at 953.

The Ninth Circuit has stated that "case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts." *Civil Rights Education and Enforcement Center ("CREEC") v. Hospitality Properties Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017). In *CREEC*, the Ninth Circuit cited with approval the Eleventh Circuit's ruling in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013), and acknowledged that courts may assess "various factors in determining whether plaintiff suing under ADA Title III was likely to actually visit the supermarket, including prior visits, proximity of

residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits.'" *CREEC*, 867 F.3d at 1100 approving factors to consider in *Houston*, 733 F.3d at 1335–37; *see also*, *Harris v. Del Taco, Inc.*, 396 F.Supp.2d 1107, 1113 (C.D. Cal. 2005) (citing four factor test to determine likelihood of future injury).

Importantly, *CREEC* did not do away with Article III standing requirements. *CREEC* still requires that even plaintiffs claiming "deterrence" (including a tester) must still show injury in fact (encounter with a barrier or deterrence based on knowledge of a barrier) and a real and immediate threat of future harm (to the plaintiff). *CREEC*, 867 F.3d at 1098-1099. Importantly, the tester plaintiff must still intend to visit the defendant's premises after remediation. *Id*.

> The named Plaintiffs have alleged in the first amended complaint that they intend to visit the relevant hotels and have been deterred from doing so by the hotel's noncompliance with the ADA. They further allege that they will visit the hotels when the noncompliance is cured. Thus, the ADA violations have prevented them from staying at the hotels. **Without such averments, they would lack standing**.
>
> […]
>
> we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. *Chapman*, 631 F.3d at 953. Their harm is "concrete and particularized," and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560. *CREEC*. 867 F.3d at 1099.

Of significance is the Ninth Circuit's reliance in *CREEC* on the Eleventh Circuit's holding in *Houston v. Marod Supermarkets, supra,* because in *Houston*, the court held that although a tester's motive does not matter "[b]ecause Plaintiff Houston seeks injunctive relief, he also must show a real and immediate threat of future injury… As noted earlier, Plaintiff Houston's 'standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury.'" *Houston*, 733 F.3d at 1334-1335 (citing *Lyons*, 461 U.S. at 105, 103 S. Ct. at 1667). The court went on to state that Houston "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston*, 733 F.3d at 1328-1329 (citing *Wooden*, 247 F.3d at 1283). That requires "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Houston*, 733 F.3d at 1329 (citing *Shotz*, 256 F.3d at 1082;

3:21-cv-09994-TSH

DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

1    *Wooden*, 247 F.3d at 1283). In its analysis, the court evaluated the proximity of Houston's

2    residence to the business, his past patronage of the business, the "definiteness" of his plans to

3    return to the business, and the frequency of his travel near the business. *Houston*, 733 F.3d at

4    1327-1328.

5           Subsequent to CREEC, several courts have confirmed that "testers" must still prove the

6    important Article III requirements for standing to obtain prospective injunctive relief in ADA

7    cases. *See* e.g., *Johnson v. Alhambra & O Assocs.*, 2019 U.S. Dist. LEXIS 105388 (E.D. Cal. June

8    24, 2019) at **7-9 ("The Court agrees with Defendants that Plaintiff's tester status, alone, is not

9    enough to confer standing [...] an ADA plaintiff's claimed deterrence must be genuine"); *Langer*

10   *v. YM Holdings, LLC*, 2020 U.S. Dist. LEXIS 114073, **9-10 (S.D. Cal. June 29, 2020) ("even if

11   Plaintiff is alleging tester standing, he must still show an 'intent to visit [Color & Signs] once they

12   provide [accessible parking and an accessible pathway] for the disabled . . . .' *see CREEC,* 867

13   F.3d at 1099. Indeed, the Ninth Circuit implied that even when tester standing is alleged, district

14   courts must make a 'case-by-case' determination of whether a plaintiff's injury is imminent,

15   including 'whether a plaintiff suing under the ADA . . . was likely to actually visit' the complained

16   of business."); *Whitaker v. Prime Oil Mgmt.*, 2021 U.S. Dist. LEXIS 192385 , **5-7 (C.D. Cal.

17   April 8, 2021) ("In recognizing the deterrent effect and tester standing doctrines, 'the Ninth Circuit

18   did not relax the requirement that the Plaintiff demonstrate real and immediate threat of repeated

19   injury by showing a legitimate intent to visit again the public accommodation in question.')

20   (internal citations omitted); *Lindsay v. Mulne*, 2019 U.S. Dist. LEXIS 239354, *11 (C.D. Cal.

21   Nov. 21, 2019) ("an ADA plaintiff's intent to return must be 'genuine'"); *Gastelum v. Hees II*,

22   2021 U.S. Dist. LEXIS 208436, *7-*8 (S.D. Cal. October 28, 2021) ("An ADA plaintiff therefore

23   'lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not

24   genuine.'") Here, Plaintiff has failed to establish that he has (or ever had) Article III standing to

25   pursue injunctive relief because he fails to show an injury-in-fact and an imminent threat of future

26   harm. Rather, Plaintiff has admitted that he has no intent to return to a single business he sues.

27

28

**2.     Plaintiff Has No Intent to Return to Defendant's Restaurant.**

In evaluating whether Plaintiff has established a sufficient likelihood of repeated harm, the Court should assess the following factors: (1) the proximity of the place of public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *See CREEC*, 867 F.3d at 1100 citing with approval *Houston*, 733 F.3d at 1327-1328; *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005); *Johnson v. JKLM Prop*, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *4; *Strojnik v. Hotel Circle Gl Holdings, LLC*, No. 1:19-CV-01194-DAD-EPG, 2020 U.S. Dist. LEXIS 133778, 2020 WL 4339984, at *4 (E.D. Cal. July 28, 2020). The Ninth Circuit has made clear that "case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts." *CREEC*, 867 F.3d at 1100. Additionally, in *CREEC*, the Ninth Circuit cited with approval to the Eleventh Circuit's ruling in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013), and acknowledged that courts may assess "various factors in determining whether plaintiff suing under ADA Title III was likely to actually visit the supermarket, including prior visits, proximity of residence to store, plans for future visits, and status as an 'ADA tester who has filed many similar lawsuits.'" *CREEC*, 867 F.3d at 1100. Thus, the Court should assess whether Plaintiff has alleged an intent to return based on these four factors. *Johnson v. JKLM Prop.*, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *5-6.

As an initial matter, Plaintiff has failed to adequately allege an intent to return because he has not alleged any of these factors in his Complaint, or any facts whatsoever establishing that he will visit Defendant's Restaurant again in the future. Plaintiff does not allege the proximity of the Restaurant from his residence, as Plaintiff does not plead where in the state he lives. Instead, Plaintiff only vaguely alleges he "is a California resident with physical disabilities." Docket No. 1, Complaint at ¶ 1. Likewise, Plaintiff does not allege any past patronage of Defendant's Restaurant prior to his purported visit in November 2021. As alleged in the Complaint, Plaintiff's purported visit in November 2021 is the only instance Plaintiff has ever visited Defendant's Restaurant. Plaintiff does not allege any definitive plans to visit the Restaurant again, other than a conclusory

-11-

**3:21-cv-09994-TSH**

1   statement that he "will return" once he learns that the Restaurant is accessible. *Id.* ¶ 20. Finally,

2   Plaintiff does not allege at all how often he is in San Mateo or travels to San Mateo for work or

3   vacation or any other reasons. Thus, on these facts as alleged in the Complaint, as a matter of law,

4   Plaintiff has not established an intent to return to the Restaurant sufficient for standing. *See*

5   *Whitaker v. Yard House*, 2020 U.S. Dist. LEXIS 120992, 2020 WL 3805807, at *3 (court held that

6   Whitaker did not have standing because "Whitaker has not alleged any prior visits to the Yard

7   House, nor that it is located near his home or another place he frequents").

8        Language identical to that alleged in Plaintiff's Complaint was rejected as insufficient by a

9   federal court and affirmed by the Ninth Circuit in *Strojnik v. Pasadena Robles Acquisition, LLC*,

10  2019 U.S. Dist. LEXIS 213070, at *6-7 (C.D. Cal. Aug. 14, 2019), *aff'd*, 801 F. App'x 569, 570

11  (9th Cir. Apr. 15, 2020). In that case, the plaintiff's allegation that "Plaintiff intends to visit

12  Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully

13  compliant with ADAAG" was held to be insufficient. *Id.* (dismissing case without leave to

14  amend). As the Ninth Circuit held, the " district court properly dismissed Strojnik's ADA claim

15  for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel

16  or that he was deterred from visiting defendant's hotel." *Id.* (citing *Chapman*, 631 F.3d at 950).

17  The Court here should similarly reject Plaintiff's allegations as insufficient to plead standing.

18       Defendant anticipates that Plaintiff will either seek leave to amend his complaint or seek

19  leave to submit a declaration in opposition to this Motion in which he alleges he "frequently

20  travel[s] to the Bay Area," is "considering moving to Northern California," and has "been coming

21  to Northern California (Bay Area primarily) approximately twice a month for leisure and to look

22  for areas to live," as he has done in prior cases (*see* RJN, Exhibits C and D), or possibly that "he is

23  'often in the area' of San Mateo where the Defendant's Restaurant is located. *See Johnson v. Fogo*

24  *De Chao Churrascaria (San Jose) LLC*, No. 21-CV-02859-BLF, 2021 U.S. Dist. LEXIS 166204,

25  WL 3913519, at *4 (N.D. Cal. Sept. 1, 2021). However, even these facts, if alleged, are not

26  sufficient to establish an intent to return when the *Houston* and *Harris* factors are applied.

27

28

1

2

   a.   <u>Plaintiff Has Admitted That He Has No Plans to Return to the</u>
        <u>Restaurant to Support Article III Standing.</u>

3       Plaintiff does not plead any concrete (or even generalized) plans to visit the Restaurant in

4  the future as required to plead standing to pursue an action for injunctive relief under the ADA.

5  This aligns with the reality that Plaintiff is a resident of Los Angeles and very likely has no plans

6  to patronize this particular California facility ever again. The lack of any actual, particularized

7  plans to return to the Restaurant undercuts any basis for standing. *See Wilson v. Costco Wholesale*

8  *Corp.*, 426 F. Supp. 2d 1115, 1120 (S.D. Cal. 2006) ("lack of concrete plans, or indeed of any

9  specification of when he will return" to defendant's place of business "do not support a finding of

10 an 'actual or imminent' injury as required by law").

11      In the past, Plaintiff has opposed motions to dismiss based on standing in the Northern

12 District by providing declarations stating that he intends to move to the Bay Area and that he

13 comes here frequently in an effort to look for places to live.  *See* RJN, Exhs. C and D.  However,

14 on February 7, 2022, Plaintiff testified that he no longer intends to move to the Bay Area and that

15 instead, when his lease expires for his current residence in Los Angeles, that he intends to move to

16 Sacramento.  *See* RJN, Exh. B, Peet's Depo at pp. 44-45 of Exhibit, Depo. p. 60:21-61:24.

17 Further, in the same month that Plaintiff alleges that he went to Defendant's Restaurant, or

18 November of 2021, Plaintiff also testified under oath in another matter that he had no plans to

19 revisit any of the businesses that he had sued.  *See* RJN, Exh. E, Goltz Tr., at p. 50 of Exhibit,

20 Depo. Tr. at p. 49:5-49:20.  In fact, On February 7, 2022, Plaintiff testified in another matter that

21 he still has no concrete plans to revisit the businesses that he has sued because he does not even

22 know the names of the businesses that he has sued and has requested that his attorneys provide

23 him with a list of the businesses that he has sued in order to begin formulating a plan.  *See* RJN,

24 Ex. K, p. 59-61 of Exhibit, Tr. p. 58:2-60:15; p.74 of Exhibit, Tr. p. 73:5-25.

25      Moreover, where, as here, a plaintiff lacks "concrete plans to return," courts find that a

26 serial plaintiff's extensive litigation history renders implausible any purported intent to return. *See*

27 *Molski*, 405 F. Supp. 2d at 1164. As discussed previously, Plaintiff has filed 591  lawsuits in the

28 Northern District, and approximately 1,780 lawsuits in federal courts across California. (*See* RJN,

-13-                                    **3:21-cv-09994-TSH**

1   Exhibit ).  The court in *Whitaker v. BPP East Union LLC*, Case No. 2:20-cv-06818-MWF-E (C.D.

2   Cal. Dec. 11, 2020) (RJN, Exhs. F, G, and H) explained why, as a matter of basic math, it is

3   simply not plausible that Plaintiff could have a legitimate intent to return. In that case, where

4   Plaintiff alleged a single ADA violation related to a counter at a restaurant in Pasadena, California,

5   the court agreed with defendant that Plaintiff's alleged intent to return was simply not credible.

6   (*Id.* at 4-5.)

7          The court found that Plaintiff Whitaker's "alleged intent to return to the restaurant here

8   does not appear genuine, given that he has made the same assertion with respect to the 990 other

9   business he has sued." (*Id.* at 6.) The court found Plaintiff's "intent to return is hypothetical at

10  best, which is insufficient to establish standing." (*Id.*); *see also Whitaker v. PQ Americana, Inc.*,

11  2020 U.S. Dist. LEXIS 71958, *6-8 (C.D. Cal. Mar. 20, 2020) ("The Court's conclusion is

12  buttressed by the fact that Plaintiff has filed hundreds of disability discrimination lawsuits and,

13  consistent with the Court's 'judicial experience and common sense,' could not possibly return to

14  each of the places he has sued."); *Whitaker v. Kajima Development Corp.*, No. 20STLC02281,

15  Superior Court of California, County of Los Angeles (Oct. 8, 2021) (RJN, Exhibit I) (ruling for

16  defendant restaurant following bench trial, finding (i) "Mr. Whitaker asserted in his federal

17  complaint and in his verified state complaint that he could return to [the restaurant] for [food], yet

18  he never returned," (ii) "it appears that there is no reason Mr. Whitaker could not have availed

19  himself of the services at [restaurant] if he wanted to," and (iii) Mr. Whitaker had not returned to

20  any of the other 9 [restaurant] establishments he visited [the same day he visited the restaurant].");

21  *Whitaker v. Dollar Hits Temple Inc.*, 2021 U.S. Dist. Lexis 66854 (C.D. Cal. April 6, 2021) (court

22  concluded, after conducting a bench trial, that Whitaker's testimony regarding his intent to return

23  was not credible); and *Whitaker v. Pachanga*, 20STLC03367 (L.A. Super. Ct. April 15, 2020)

24  (following bench trial, court held Plaintiff's testimony not credible as to his "his claim that he

25  wanted to return to Pachanga to purchase another burrito, but was dissuaded from doing so") (*see*

26

27

28

RJN, Exh. L, *Whitaker v. Pachanga Mexican Grill*, Case No. 20STLC03367, Ruling on Submitted Matter, December 6, 2021.[1]

Further, on November 11, 2022, the San Francisco and the Los Angeles District Attorneys filed a civil complaint against Plaintiff's attorneys from Potter Handy which includes detailed factual allegations with attached exhibits, alleging the following:

- "[Plaintiff's Counsel] are able to evade California's procedural reforms only because they rely on false standing allegations, and their lawsuits are therefore unlawful."

- "[I]t is literally impossible for these Serial Filer clients [a term specifically defined to include Plaintiff Whitaker] to repeatedly travel to the thousands of businesses they sue, especially those that are located hundreds of miles from where they live."

- "[I]n each case [Plaintiff's Counsel] file, they intentionally include and adopt false allegations that the Serial Filer personally encountered a barrier at the business in question, was deterred or prevented from accessing the business because of it, and intends to return to the business after the violation is cured . . . in order to obtain and keep federal court jurisdiction."

- "[T]he astonishing number of cases Potter Handy files on behalf of the Serial Filers— [including] approximately 1,700 federal cases on behalf of Serial Filer Brian Whitaker . . . .—make it literally impossible for the Serial Filers to have personally encountered each listed barrier, let alone to intend to return to hundreds of businesses located hundreds of miles away from their homes."

---

[1] These cases highlight Plaintiff's lack of credibility and inconsistent statements about his intent to return to the businesses he has sued when comparing the allegations in his complaint to the testimony that he provides at trial, hearings, and in depositions.  In fact, in another pending matter in the Northern District, the Honorable Jacqueline Scott Corley held an evidentiary hearing and afterwards invited the parties to submit additional briefing regarding Plaintiff Whitaker's alleged standing to pursue injunctive relief under Title III of the ADA.  *See Whitaker v. Slainte Bars, LLC*, Case No. 21-cv-03750-JSC (N.D. Cal. Aug. 9, 2021) (Docket No. 43).  Defendants in that case filed a brief that details Plaintiff Whitaker's numerous inconsistencies and lack of credibility.  *See* RJN, Exh. M, Defendant Slainte Bars, LLC's Supplemental Brief as to Plaintiff Brian Whitaker's Standing, filed on March 14, 2022 at 3-13, 23-24.

1
2
3
4

- "[C]ontrary to the Serial Filers' allegations that they are deterred from patronizing the sued businesses because of the existence of the alleged violations but intend to return once the violations are cured, *Potter Handy's Serial Filers almost never return to the businesses they sue after a settlement is reached.*"

5
6
7
8
9

- "[Plaintiff's Counsel's] deceitful, unlawful conduct is particularly blatant and indisputable with respect to . . . Mr. Whitaker. Beginning in 2021, [Plaintiff's Counsel]started filing hundreds of cases against Bay Area businesses on behalf of . . . Mr. Whitaker, [who lives] in Los Angeles County, a 350-400 mile drive away . . . containing false standing allegations." and

10
11
12
13

- "[Plaintiff's Counsel] intentionally make false standing allegations to deceive the courts and sued businesses into believing federal jurisdiction is appropriate, all for the purpose of avoiding California's reforms on abusive Unruh Act litigation and shaking down small businesses for cash settlements."

14 *See* RJN, Exh. A, at ¶¶ 5-7, 9, 67, 69, 86-87, 96.

15 Based on the above, it is Plaintiff has never had any plans to return to Defendant's
16 Restaurant when he filed suit, or that he ever intended to return subsequent to filing his lawsuit.
17 Therefore, the present motion to dismiss must be granted, or alternatively, the Court should grant
18 Defendant's request for an evidentiary hearing to assess Plaintiff's credibility as to his stated
19 allegations regarding his standing in this matter.

20
21
     b. <u>Proximity of Defendant's Restaurant in San Mateo to Plaintiff's Home in Los Angeles Does Not Support Plaintiff's Allegation That He Intends to Return to the Restaurant.</u>

22 Here, Plaintiff lives in Los Angeles, more than 350 miles away from the Defendant's
23 Restaurant. Courts in the Ninth Circuit have been presented with much closer cases and
24 nonetheless ruled against plaintiffs on similar "intent to return" issues, recognizing that distances
25 to a California place of public accommodation may be too great to confer standing. For example,
26 where the distance between a plaintiff's residence and a public accommodation is in excess of 100
27 miles, courts routinely find that the plaintiff could not establish an intent to return. *See*, *e.g*.,
28 *Strojnik v. Hotel Circle Gl Holding*, 2020 U.S. Dist. LEXIS 133778, 2020 WL 4339984, at *4 (no

-16-       **3:21-cv-09994-TSH**

1   intent to return to hotel that was 565 miles from plaintiff's home); *Harris v. Stonecrest Care Auto*

2   *Ctr., LLC*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007) (low likelihood of return where plaintiff's

3   residence was "hundreds of miles" from defendant gas station); *Molski*, 405 F. Supp. 2d at 1163-

4   64 (104-mile distance from plaintiff's residence to defendant winery was a "considerable distance"

5   weighing against finding a likelihood of future harm); *Delil v. El Torito Rest.*, No. C93-3900,

6   1997 LEXIS 22788, 1997 WL 714866, at *3 (N.D. Cal. 1997) (no likelihood of future harm where

7   plaintiff lived over 100 miles from restaurant).

8                      c.   <u>Plaintiff Fails to Plead Past Patronage to Show That He Intends to</u>
                            <u>Return to the Restaurant.</u>
9

10          Plaintiff only alleges visiting the Defendant's Restaurant on an unspecified date in

11   November 2021. He does not allege any visits to the Restaurant prior to or since. The absence of a

12   "regular pattern" of patronizing a defendant's business weighs against establishing an intent to

13   return. *See Strojnik v. Hotel Circle Gl Holding*, 2020 U.S. Dist. LEXIS 133778, 2020 WL

14   4339984, at *4 ("plaintiff's lone visit to the Hotel in June of 2019 weighs against a finding that he

15   has standing to seek injunctive relief"); *Molski*, 405 F. Supp. 2d at 1164 (plaintiff only visited

16   public accommodation once and did not return at any point during that year).

17                      d.   <u>Plaintiff Has Failed to Adequately Allege His Frequency of Travel</u>
                            <u>to the San Mateo Area.</u>
18

19          To the extent Plaintiff may allege that he travels to the "Bay Area" periodically, these

20   vague allegations, standing alone, are not enough to confer standing. As described in detail above,

21   Plaintiff's own litigation history demonstrates that his trips from the Brentwood area of Los

22   Angeles to Northern California are "merely drive-by efforts to build an inventory of potential

23   defendants to be sued[.]" *See Molski*, 405 F. Supp. 2d at 1168 (visiting family "15 to 20 times in

24   the past two years" was insufficient to establish standing); *Harris v. Stonecrest Care Auto Ctr.,*

25   *LLC*, 472 F. Supp. 2d at 1216 ("occasionally" visiting family was not evidence of frequent travel

26   near the place of accommodation). The Bay Area consists of nine (9) counties and covers over

27   6,800 square miles. Plaintiff does not plead where in the Bay Area he visits, or how often he visits

28   the area where Defendant's Restaurant is located, much less why he would visit there.

Based on these facts, Plaintiff has not (and cannot) allege a plausible intent to return to Defendant's Restaurant in the future. *See Johnson v. JKLM Prop.*, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *6 ("Having weighed the relevant factors, the Court finds that Plaintiff's alleged intent to return to MSPC is not plausible."); *accord Kajima Development Corp.*, ("Mr. Whitaker asserted in his federal complaint and in his verified state complaint that he could return to [the restaurant] for [food], yet he never returned, [notwithstanding] "there is no reason Mr. Whitaker could not have availed himself of the services at [restaurant] if he wanted to"); *PQ Americana, Inc.*, 2020 U.S. Dist. LEXIS 71958 at *6-8 ("consistent with the Court's 'judicial experience and common sense,' [Mr. Whitaker] could not possibly return to each of the places he has sued"). Plaintiff's conclusory statement of a purported intent to return to Defendant's Restaurant more than 350 miles from his home does not satisfy the requirements for Article III standing. Plaintiff lacks the concrete and credible intention to return to the approximately 1,780 businesses he has sued, particularly the more than 591 businesses he has sued in Northern California. If Plaintiff returned to patronize one business he had previously sued every single day of the year, it would take him over 4 years to complete the return visits required for jurisdictional purposes.

### 3. Plaintiff Has Not Explained How He Is Deterred.

Plaintiff fails to plead any facts showing he is deterred from visiting Defendant's Restaurant in the future such that he could be subjected to a repeated injury. Threatened "future injury must be sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief" under a deterrence theory. *Johnson v. JKLM Prop.*, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *6. Courts recognize that conclusory statements that a plaintiff is deterred from visiting a public accommodation because he is aware of architectural barriers there but will return if the barriers are removed is not sufficient to demonstrate an imminent injury. *Id.*; *Vogel*, 2014 U.S. Dist. LEXIS 151379, 2014 WL 5427531, at *2 (a plaintiff who "[m]erely attests that because of 'physical and intangible' barriers, he has been 'deterred' and 'continues to be deterred'" has not sufficiently established standing); *Akahoshi*, 2019 U.S. Dist. LEXIS 40664, 2019 WL 994022, at *3 (plaintiff did not show deterrence where he "allege[d] that he has patronized Optima only once" and "does

-18-

not allege why he would return to Optima to use its services after this negative experience"); *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1184 (D. Nev. 2013) (plaintiff lacked standing because he did not allege he had "visited the Luxor at any other time," did not "demonstrate that he either prefers to stay at the Luxor or that it is the most convenient hotel and casino location for him," and "cannot demonstrate that the Luxor has discriminated against him in the past and failed to change its discriminatory practices and/or policies"). Furthermore, the Ninth Circuit still considers the four *Harris* factors "when determining whether an ADA plaintiff has adequately alleged a deterrence from returning." *Whitaker v. Yard House*, 2020 U.S. Dist. LEXIS 120992, 2020 WL 3805807, at *2.

In *Johnson v. JKLM*, the court dismissed plaintiff's claim under a deterrence theory because "Plaintiff alleges only that that ADA violations deter him from returning to" defendant's public accommodation. 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *6. Contrary to plaintiff's argument there, even at the pleading stage, plaintiffs must allege in their complaint sufficient factual allegations which, taken as true, "state a claim that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Title III plaintiffs cannot rely on "labels and conclusions." *Id.* The court looked to Ninth Circuit precedent, including *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002) and *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), for what must be pled to allege deterrence.

In *Pickern*, for instance, plaintiff alleged that he "prefers to shop" at defendant's markets and that he visited the market at issue, even though it was 70 miles from his home, because his grandmother lived in the same city. *Pickern,* 293 F.3d at 1138. Likewise, in *Doran*, plaintiff alleged he had already visited the 7-Eleven store at issue "on ten to twenty prior occasions," "the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland." *Doran*, 524 F.3d at 1040. Based on this precedent, the court in *Johnson* found that plaintiff did not sufficiently plead he was deterred because plaintiff did "not allege: (1) that he prefers MSPC over other 'professional centers,' (2) any specific instances of deterrence, or (3) that he often patronizes Bay Area 'professional centers' and would patronize MSPC but for the violations." *Johnson v. JKLM Prop.*,

SMRH:4867-7531-6508.1
DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A

1  2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *7; *Whitaker v. Yard House*, 2020 U.S.

2  Dist. LEXIS 120992, 2020 WL 3805807, at *3.

3      Here, Plaintiff has alleged nothing more than the legal conclusion that he is "currently

4  deterred" from visiting Defendant's Restaurant "because of his knowledge of the existing

5  barriers." Pl's Compl. ¶ 20. Plaintiff does not plead that he has ever visited the Restaurant on any

6  other occasion. He does not plead that he prefers this Restaurant as opposed to any other restaurant

7  or that it is the closest or most convenient for him. In fact, Plaintiff does not allege where in the

8  state of California he lives.  Given these facts, Plaintiff's conclusory statement that he would

9  return to the Restaurant but has been "deterred" from doing so because of alleged barriers (Docket

10  No. 1, Complaint, ¶ 20) is not sufficient to satisfy standing requirements. *See Johnson v. JKLM*

11  *Prop.*, 2020 U.S. Dist. LEXIS 167794, 2020 WL 5517234, at *7; *see also Whitaker v. Yard*

12  *House*, 2020 U.S. Dist. LEXIS 120992, 2020 WL 3805807, at *3.

13      **B.      The Court Should Decline To Exercise Supplemental Jurisdiction.**

14      Under 28 U.S.C. § 1367, when a district court has original jurisdiction over a plaintiff's

15  claim, the court has supplemental jurisdiction over state law claims that are so related to the

16  federal claim "that they form part of the same case or controversy under Article III of the United

17  States Constitution." 28 U.S.C. § 1367(a). However, the Ninth Circuit recognizes that, when a

18  plaintiff lacks standing to bring his federal claim, the district court lacks subject matter jurisdiction

19  over the lawsuit and has "no discretion to retain supplemental jurisdiction over [plaintiff's] state

20  law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002). Courts

21  similarly hold that "where a Court lacks Article III jurisdiction over a plaintiff's ADA claim for

22  lack of standing, the Court has no discretion to retain supplemental jurisdiction over the plaintiff's

23  remaining state law claims." *Whitaker v. Yard House*, 2020 U.S. Dist. LEXIS 120992, 2020 WL

24  3805807, at *3; *Akahoshi*, 2019 U.S. Dist. LEXIS 40664, 2019 WL 994022, at *3.  Because the

25  Court lacks subject matter jurisdiction over Plaintiff's ADA Title III claim, the Court should

26  decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

27

28

**C.**      **The Court Should Conduct An Evidentiary Hearing.**

When defendants make a factual attack in motions to dismiss, the court can either resolve the motion on declarations alone or may hold an evidentiary hearing. *Strojnik v. Portola Hotel, LLC*, 2021 U.S. Dist. LEXIS 50312, 2021 WL 1022880, at *2. Evidentiary hearings to assess the credibility of serial Title III litigants are neither new or out of the ordinary. The court in *Molski v. Kahn Winery* ordered issued an order to show cause why plaintiff's Title III claim should not be dismissed for lack of standing and conducted an evidentiary hearing, where plaintiff was questioned under oath regarding his purported intent to visit the winery he sued. *See* 405 F. Supp. 2d at 1162. The court found plaintiff's professed intent to return to the 500 businesses he sued throughout the state "highly doubtful." *Id.* at 1165. The court found plaintiff's testimony at the hearing to be "evasive, dishonest, deceptive, and contrived" and dismissed his claims for lack of standing. *Id.* at 1168-69; *accord*, *Laufer v. Laxmi & Sons, LLC*, No. 19-CV-1501, 2021 U.S. Dist. LEXIS 117554, 2021 WL 19702644, *5-*6 (N.D.N.Y. Apr. 1, 2021) (finding there were "significant reasons to question whether Plaintiff does, in fact, have a plausible intention to travel to the [defendant's] hotel" and determining "an evidentiary hearing to test the credibility of Plaintiff's standing allegations is an appropriate means to confirm that Plaintiff actually has standing to pursue these cases before moving forward with the discovery and litigation process"); *Harty v. Simon Property Group*, 428 F. App'x 69 (2nd Cir. 2011) ("a district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits" by "conduct[ing] relevant discovery and fact finding (including findings as to [the plaintiff's] credibility"). Plaintiff is no stranger to federal courts ordering evidentiary hearings to assess his credibility.

In *Whitaker v. Curry Village Foods, Inc.*, No. 21-CV-03713-JCS (N.D. Cal. Aug. 9, 2021) (RJN, Exhibit J), one of the approximately 591 cases filed by Plaintiff Brian Whitaker in this District, Chief Magistrate Judge Joseph C. Spero ordered the parties to attend an evidentiary hearing in order to "evaluate Whitaker's credibility" regarding his stated intent to return to the subject public accommodation in Redwood City, specifically noting "there is a legitimate question

of whether Whitaker has a sufficient intent to return to all of the many hundreds of businesses he
has sued, and Curry Village is entitled to test the credibility of his assertions here." *Id.* at p. 1. The
Court then concluded that "the appropriate mechanism to resolve factual disputes about standing is
an evidentiary hearing on the defendant's motion to dismiss under Rule 12(b)(1)." *Id.* at p. 2
(*quoting Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 277 (7th Cir. 2020)).

In *Whitaker v. Slainte Bars, LLC*, Case No. 21-cv-03750-JSC (N.D. Cal. Aug. 9, 2021)
(Docket No. 43), the court held an evidentiary hearing to test Plaintiff's credibility with respect to
his stated intent to return to a Bay Area restaurant located in Redwood City, California after the
defendant filed a motion to dismiss for lack of jurisdiction.  *See* RJN, Ex. K.

The concerns above as to Whitaker's standing are well founded and further supported by
prior decisions from other Courts who have made well-reasoned, independent findings that
Plaintiff lacked a legitimate intent to return to other public accommodations he sued, including
public accommodations located literally minutes from where he lived at the time. *See BPP East
Union LLC* (RJN, Exhibit A-4) (explaining why, as a matter of basic math, it is simply not
plausible that Plaintiff could have had a legitimate intent to return); *PQ Americana, Inc.*, 2020
U.S. Dist. LEXIS 71958 at *6-8 ("consistent with the Court's 'judicial experience and common
sense,' [Plaintiff] could not possibly return to each of the places he has sued"); *Whitaker v. Kajima
Development Corp.*, 20STLC02281 (Los Angeles Superior Court, October 8, 2021) (RJN, Exhibit
I) (entering judgment for defendant and finding Plaintiff "never returned" and "it appears that
there is no reason Mr. Whitaker could not have availed himself of the services at [the restaurant] if
he wanted to").

For the reasons asserted above, Defendant requests an evidentiary hearing in which
Plaintiff Brian Whitaker testifies under oath about his purported intent to return to Defendant's
Restaurant in San Mateo that is the subject of this lawsuit, to fairly resolve issues regarding his
credibility.

## VI.    CONCLUSION

For the reasons set forth above, as multiple other Courts have found with respect to this
very Plaintiff, the Court lacks subject matter jurisdiction over Plaintiff's lawsuit because he lacks

1  Article III standing to pursue his ADA Title III claim. Defendant respectfully requests that the

2  Court grant its Motion to Dismiss, and dismiss Plaintiff's ADA Title III claim with prejudice. The

3  Court should also decline to exercise supplemental jurisdiction over Plaintiff's state law claim,

4  and enter judgment in favor of Defendant. To the extent the Court determines it is appropriate to

5  evaluate Plaintiff's credibility regarding his stated intent to return to the subject public

6  accommodation before ruling on this Motion, then Defendant requests an evidentiary hearing.

7  Dated:  April 18, 2022

8                                              Respectfully submitted,

9                                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11                                    By        _____
                                                      */s/ Hayley Grunvald*
12                                                   HAYLEY S. GRUNVALD

13                                              Attorneys for Defendant,
                                                AKURANVYKA USA INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3:21-cv-09994-TSH**

SMRH:4867-7531-6508.1    DEFENDANT S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
                     AND REQUEST FOR EVIDENTIARY HEARING; MEMORANDUM OF P&A